IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Civil Action No. 1:11-cv-274

RAYFIELD AVIATION, LLC,

    Plaintiff,

    v.

LYON AVIATION, INC.,

    Defendant.

## MOTION TO COMPEL DISCOVERY AND MOTION FOR SANCTIONS

    Pursuant to Federal Rules of Civil Procedure Rules 26, 33, 34 and 37, Defendant Lyon Aviation, Inc. ("Lyon") hereby moves the Court for an order compelling Plaintiff Rayfield Aviation, LLC ("Plaintiff") to respond fully to Lyon's First Set of Interrogatories and First Set of Requests for Production of Documents and requiring Plaintiff to pay to Lyon the reasonable expenses, including attorneys' fees, incurred in making its Motion to Compel. Counsel for Lyon certifies that he has attempted to confer with counsel for the Plaintiff in an effort to obtain the discovery responses without court action. In further support of this motion, Lyon shows the Court the following:

    1.    Plaintiff's Verified Complaint in this action, filed April 7, 2011, alleges that Lyon improperly deducted "handling fees" from the revenue Lyon was required to remit to Plaintiff under the parties' Agreement, that Lyon's retention of such "handling fees" was not permitted under the parties' Agreement, and that Lyon cannot account for the "handling fees" that it did in fact deduct from the revenue Lyon remitted to Plaintiff. *See* <u>Exhibit 1</u>.

2. On July 14, 2011, Lyon served Plaintiff with Lyon's First Set of Interrogatories and First Set of Requests for Production of Documents (the "Discovery Requests"). Lyon's Discovery Requests sought basic information related to the allegations raised in the Plaintiff's Verified Complaint and Lyon's defenses thereto. *See* Exhibit 2.

3. On July 19, 2011, Plaintiff served Lyon with its Rule 26(a) initial disclosures. Therewith, Plaintiff produced approximately 175 pages of documents which consisted primarily of the parties' 36-page Agreement and roughly 135 pages of revenue/expense summaries that Lyon provided to Plaintiff on a monthly basis and already had in its possession. The remaining documents produced by Plaintiff consisted of three e-mails and a two-page summary of the revenue Lyon remitted to Plaintiff under the Agreement.

4. On August 16, 2011, Lyon was served with Plaintiff's Responses to Lyon's Discovery Requests (the "Responses"). *See* Exhibit 3. The Interrogatory Responses were not verified by Plaintiff and Plaintiff did not produce a single document at that time (or at anytime since) in response to Lyon's Discovery Requests. The portions of Plaintiff's Responses with are relevant to the instant Motion are described below:

   a. In response to Document Request Nos. 1, 3, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, 16, 18, 21, 23, 24 and 27, Plaintiff asserted that "Without waiving any general or specific objection hereto, **any non-privileged documents responsive to this Request will be made available at a mutually agreeable time at Safran Law Offices**." (emphasis added).

   b. In response to Document Request Nos. 2 and 4, Plaintiff asserted that "Rayfield has **already produced** the documents it used, relied upon, or consulted in preparing the complaint **in its Rule 26(a) initial disclosures**." (emphasis added).

2

c. Plaintiff also asserted both general and specific objections on the grounds that certain Discovery Requests seek information and documents that are protected by attorney-client privilege and/or the work product doctrine. *See* <u>Exhibit 3</u>, General Objection No. 1; Interrogatory Nos. 1, 2, 3, 6 and 12; Document Request Nos. 1, 3, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, 16, 18, 23, 24, 26, 27 ("any **non-privileged** documents responsive to this Request will be made available at a mutually agreeable time at Safran Law Offices."). Plaintiff's Responses were <u>not</u>, however, accompanied by a privilege log.

d. Plaintiff also asserted specific objections to Document Request Nos. 10, 19, 22, 25 and 26 and refused to produce any documents in response to such Requests. Those Document Requests, as well as Plaintiff's unabridged Responses thereto, attached hereto as <u>Exhibit 4</u>.

5. Lyon's counsel responded to Plaintiff's inadequate Responses with a letter requesting that all responsive documents be produced; alerting Plaintiff to several omissions and deficiencies with respect to its Responses, including that its Interrogatory Responses had not been verified and that a privilege log had not been produced; and refuting the misplaced objections Plaintiff had asserted with respect to Document Request Nos. 10, 19, 22, 25 and 26. *See* Letter of August 18, 2011, attached hereto as <u>Exhibit 5</u>.

6. With respect to the documents sought by the Document Requests, which Plaintiff's Responses had averred would be made available, Lyon's counsel requested that the production be made by U.S. Mail to Lyon's counsel, but alternatively, arranged to make himself present at Plaintiff's counsel's office in order to inspect and copy the documents. *See* <u>Exhibit 5</u>, paragraph 2.

3

Case 1:11-cv-00274-TDS-JEP   Document 20   Filed 09/01/11   Page 3 of 10

7. A response letter proffered by Plaintiff's counsel failed to resolve the omissions and deficiencies in Plaintiff's Responses. Moreover, Plaintiff failed to provide a verification for its Interrogatory Responses, a privilege log, **or any documents**. *See* Letter of August 19, 2011, attached hereto as <u>Exhibit 6</u>.

8. Curiously, and in complete contrast to the representations made in its Responses, Plaintiff now claims that it has <u>already</u> "produced all documents in their Rule 26(a) initial disclosure responses that are responsive to the request[s] . . they have not objected to," save for <u>one</u> additional document Plaintiff "endeavored" to attempt to produce. *See* <u>Exhibit 6</u>, final paragraph.

9. Thus, despite having unambiguously stated that "any non-privileged documents responsive to this Request will be made available at a mutually agreeable time at Safran Law Offices," in response to at least <u>eighteen</u> of Lyon's Document Requests, Plaintiff now disingenuously contends that it has but one single additional document[1] in its possession, custody or control that is responsive to Lyon's Document Requests.[2]

10. Moreover, even a cursory review of the documents produced by Plaintiff in its 26(a) initial disclosures demonstrates clearly that Plaintiff's claim that all responsive documents have been produced is specious. To wit, Plaintiff has not produced any previous drafts of the parties' Agreement,[3] Plaintiff has not produced a single internal e-mail, Plaintiff has not

---

[1] Which, to date, has not been produced.

[2] Indeed, Plaintiff clearly took into account its previous 26(a) initial disclosures when formulating its Responses, as Plaintiff affirmatively asserted that documents responsive to Lyon's Document Request Nos. 2 and 4 had "already [been] produced . . . in its Rule 26(a) initial disclosures." To now contend that all (save one) of the documents responsive to Lyon's Document Requests were previously produced as part of Plaintiff's Rule 26(a) initial disclosures, when Plaintiff's own Responses make admissions to the contrary, is clearly a sanctionable act.

[3] Lyon's documents indicate that at least four such additional drafts exist.

4

produced a single e-mail from Gene Rayfield, Plaintiff's owner and the signatory to the parties' Agreement, Plaintiff has not produced any e-mails concerning the negotiation, drafting or execution of the Agreement, Plaintiff has – in total - produced only <u>three</u> e-mails,[4] and Plaintiff has not produced any documents evidencing its ownership of the subject aircraft.

11. Additionally, with respect to the five Document Requests examined below and set forth in full in <u>Exhibit 4</u>, Plaintiff has asserted baseless objections in a further effort to avoid the production of relevant documents. For example:

    a. Lyon's Document Request No. 10 generally seeks correspondence between Plaintiff and (a) Lyon or (b) any other person or entity, related to the negotiation, drafting or execution of the Agreement. Plaintiff objected to this Request on the grounds that (a) the burden of ascertaining the documents sought was the same for Plaintiff and Lyon, and that (b) because Lyon has issued subpoenas to certain non-parties, Plaintiff is somehow relieved from its obligation to respond to this Request. Plaintiff's objections are meritless. Certainly, Lyon does not have possession, custody or control of any documents concerning correspondence between Plaintiff and other persons/entities. The objection that the burden for Lyon to gain access to such documents is the same for Lyon as it would be for Plaintiff is incorrect, as Plaintiff could simply run a basic search of it files and produce responsive documents, and is in any event not even a valid objection to a document request. Nor is there a basis in law or fact for Plaintiff's position that because Lyon has issued subpoenas to non-parties (which may or may not comply

---

[4] Lyon's review of it's own e-mail correspondence evidences at least 75 relevant e-mails between Plaintiff and Lyon that have not been produced by Plaintiff.

5

with such subpoenas) that Plaintiff can simply punt on its obligation to produce responsive documents in its possession, custody, or control.

b. Lyon's Document Request Nos. 19 and 22 generally seek documents pertaining to Plaintiff's contracts (or the negotiation thereof) with current or former management service providers with operational responsibility for the subject aircraft. Plaintiff has objected on the ground that the requested documents are not relevant to the litigation. To the contrary, the requested documents are directly relevant to Plaintiff's allegations in this Lawsuit with respect to the subject aircraft. Plaintiff's Verified Complaint and its Interrogatory Responses evidence an ambiguity in the interpretation of the parties' Agreement. The requested documents probe that ambiguity and will likely evidence Plaintiff's familiarity and understanding of the contractual language used in the aircraft management industry; Plaintiff's interpretation and understanding of the relevant provisions of its Agreement with Lyon vis-à-vis its conduct, agreements and negotiations with other management service providers concerning the subject aircraft; Plaintiff's practices in dealing with "handling fees" issues with other management service providers concerning the subject aircraft; and any admissions made by Plaintiff with respect to the terms of its Agreement with Lyon. As to this final point, Lyon is aware that it is Plaintiff's practice to share the terms of its previous management agreements with prospective service providers and consequently negotiations between Plaintiff and such prospective service providers are likely to involve Plaintiff's opinion, interpretation or admissions with respect to its Agreement with Lyon. Such information goes to the heart of Plaintiff's allegations and is clearly discoverable.

c. Lyon's Document Request No. 25 generally seeks documents concerning any financing or re-financing related to Plaintiff's ownership of the subject aircraft. Plaintiff has objected on the ground that the requested documents are not relevant to the litigation. Such documents are directly relevant to the litigation and probative of Plaintiff's true motivation in initiating a baseless lawsuit against Lyon. Plaintiff alleges, without documentary support, that it is the owner of the subject aircraft. Lyon is entitled to documents evidencing such ownership, including documents concerning how the ownership of the subject aircraft is financed. Additionally, Lyon reasonably believes that the terms and conditions placed upon Plaintiff by its financing obligations is one of the primary motivations for this lawsuit and Lyon is entitled to production of such documents to evaluate its available defenses.

d. Lyon's Document Request No. 26 generally seeks documents concerning the revenue generated, costs incurred and profits generated through Plaintiff's operation of the subject aircraft. Despite the Request being limited to only the 2010 and 2011 calendar years, Plaintiff refuses the produce the requested documents on the ground that they are not relevant to the litigation. Further, perhaps forecasting its untenable position, Plaintiff indicated that such documents would only be produced pursuant to an order of the Court. Such documents are directly relevant to the litigation and probative of Plaintiff's true motivation in initiating a baseless lawsuit against Lyon. First, Plaintiff has alleged damages in an amount to be proven at trial and has provided little, if any, clarification as to the actual damages it seeks in this matter. Consequently, the requested documents are likely to be relevant to Plaintiff's alleged damages, if any. Second, the

documents sought specifically relate to the financial performance of the subject aircraft as managed by Lyon and its current service provider. The current financial success, or lack thereof, of the subject aircraft is believed to be a primary motivation for Plaintiff's Lawsuit and Lyon is entitled to production of such documents to evaluate its available defenses.

12. The immediate production of the requested documents is essential to Lyon's ability to defend itself in this Lawsuit. The matter has been designated as a standard (or fast-track) case, with a discovery deadline of October 28, 2011, including depositions. Although Lyon has sought a 30(b)(6) deposition, Plaintiff's obstructionist tactics prevent the deposition from proceeding until the requested documents are produced and reviewed.[5] Alternatively, Lyon will proceed with the deposition but then re-examine the Plaintiff's witnesses after the documents have been produced leading to unnecessary costs and expenses to Lyon. Plaintiff's continued delay in producing clearly-responsive documents also inhibits Lyon's ability to seek additional depositions, engage in additional written discovery, research and analyze its legal defenses, and impedes its ability to engage in discussions concerning the retention of potential expert witnesses. Moreover, without the ability to review relevant documents, Lyon is obstructed in its ability to meaningfully participate in the mediation of this matter, currently required to occur on or before October 28, 2011.

13. On August 30, 2011, counsel for Lyon and counsel for Plaintiff conferred by phone as to the subject of this motion.

---

[5] Plaintiff's document production tactics aside, Plaintiff has now informed Lyon that any 30(b)(6) deposition will have to be scheduled after September 15, 2011 as Plaintiff's proffered corporate representative has apparently broken his foot and is for some reason unable to attend the deposition until after that date.

8

14. Pursuant to Local Rule 37.1(a), Lyon's counsel has attempted to resolve the matters set forth in this motion, but has been unsuccessful. *See* certificate attached as Exhibit 7.

15. Lyon believes this dispute may be ruled upon without briefing in a telephone hearing of no more than 30 minutes. As of this filing, counsel for Plaintiff has not expressed an opinion as to the manner or length of requested hearing.

WHEREFORE, Lyon respectfully requests that the Court enter an order compelling Plaintiff to produce all responsive documents, verify its Interrogatory Responses and produce a privilege log by no later than 9:00 a.m. on September 7, 2011. Lyon also requests its fees and costs in bringing this motion pursuant to F.R.C.P. 37(a)(5)(A) and such other and further relief as the Court deems proper.

This 1st day of September, 2011.

        **PARKER POE ADAMS & BERNSTEIN LLP**

        /s/ Eric Welsh_____
        Eric D. Welsh, NCSB # 29629
        /s/ Brian Weyhrich (with permission)\_\_\_\_\_
        Brian R. Weyhrich, NCSB #35650
        Three Wells Fargo Center
        401 South Tryon Street, Suite 3000
        Charlotte, NC 28202
        Phone: 704.335.9534
        Facsimile: 704.335.9776
        *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

    This is to certify that on this date, I electronically filed the foregoing **Motion to Compel Discovery and Motion for Sanctions** with the Clerk of Court by using the CM/ECF System, which will send a Notice of Electronic Filing to the following:

Perry R. Safran
Brian J. Schoolman
Riana Smith
Safran Law Offices
120 South Boylan Avenue
Raleigh, NC  27603
*Attorneys for Plaintiff*

    This the 1st day of September, 2011.

    /s/ Eric D. Welsh
Eric D. Welsh
N.C. Bar No. 29629
Brian R. Weyhrich
N.C. Bar No.:  35650
PARKER POE ADAMS & BERNSTEIN, LLP
Three Wells Fargo Center
401 S. Tryon Street, Suite 3000
Charlotte, North Carolina 28202
Tel: (704) 372-9000
Fax: (704) 334-4706
*Attorneys for Defendant Lyon Aviation, Inc*