IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Case No. 1:11-cv-274

| | |
|---|---|
| RAYFIELD AVIATION, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| LYON AVIATION, INC., | ) ) |
| Defendant. | ) ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY AND MOTION FOR SANCTIONS**

NOW COMES Plaintiff Rayfield Aviation, LLC ("Rayfield") and pursuant to Federal Rules of Civil Procedure 26, 33, 34, and 37, responds to Defendant Lyon Aviation, Inc.'s ("Lyon") Motion to Compel Discovery and Motion for Sanctions and respectfully urges this Court to deny Lyon's Motion to Compel and Motion for Sanctions.

    I.    Introduction

This case turns on the interpretation of a contract, and whether the contract, which specifies a number of allowable charges, allows Lyon to charge Rayfield more than $500,000.00 in "handling fees," which are nowhere mentioned or listed as permissible charges in the contract, and other miscellaneous deductions Lyon took. *See* Plaintiff's Exhibit 1, Aircraft Lease and Management Services Agreement ("the Agreement"). Neither Rayfield in its complaint nor Lyon in its Answer has asserted the Agreement is ambiguous, yet Lyon now seeks to compel the production of a wide variety of parol evidence. In North Carolina, whose law governs interpretation of this contract (See Exhibit 1, Agreement, ¶16.1), the "parol evidence rule

prohibits the admission of evidence to contradict or add to the terms of a clear and unambiguous contract. Thus, it is assumed the [parties] signed the instrument they intended to sign[,] . . . [and, absent] evidence or proof of mental incapacity, mutual mistake of the parties, undue influence, or fraud[,] . . . the court [does] not err in refusing to allow parol evidence[.]" *Thompson v. First Citizens Bank & Tr. Co.*, 567 S.E. 2d 184, 188 (N.C. App. 2002) (internal citations and quotations omitted).

In this instance, the Agreement provides that Lyon will remit all "Rents" referred also as "Charter Revenues" to Rayfield on a monthly basis along with a record of the prior month's flights and charges that are "reasonably acceptable to Owner." *See* Exhibit 1, Agreement ¶4.1. There is no ambiguity in any of these terms.

During the course of the parties' dealings, Lyon began deducting "handling fees" from the Charter Revenues due to Rayfield, but failed to provide any supporting documentation, much less documentation acceptable to Rayfield, despite repeated requests from Rayfield. *See* Defendant's Exhibit 1, Plaintiff's Complaint.

Lyon as the lessee and manager of the Aircraft maintained all the records for the Aircraft related to expenses, repairs, charter revenues, deductions, and invoicing to both its customers who chartered the Aircraft, and the invoices and Charter Revenues it sent to Rayfield. Rayfield had no obligation to maintain these records, and as such, would not have this information in its possession. Any other information, relative to this Agreement or similar agreements entered into by Rayfield, sought by Lyon to aid in the interpretation of the Agreement is parol evidence and otherwise irrelevant, as the primary set of facts in this case relates to Rayfield's request for an accounting of the income and expenses resulting from Lyon's operation of the Aircraft, and whether Lyon allocated those income and expenses properly under the terms of the Agreement.

*See Kraemer v. Edward Kraemer & Sons, Inc.*, 783 F.Supp. 1040, 1043 (N.D. Ohio 1991) (noting that discovery related to the parties' intent in forming a contract is irrelevant when the contract at issue is not ambiguous); *Mfrs. Hanover Trust Co. v. Jayhawk Assocs.*, 766 F.Supp. 124, 127 (S.D.N.Y.1991) (application for further discovery denied when the contract is unambiguous); *Kashfi v. Phibro-Salomon, Inc.*, 628 F.Supp. 727, 736 (S.D.N.Y.1986) (further discovery is "pointless" where the contract is unambiguous); *Nuclear Fuel Servs., Inc. v. N.Y. State Energy Research & Dev. Auth., No 87 Civ. 1160*, 1989 WL 132027 at *4 (W.D.N.Y. Nov. 1, 1989) (no discovery warranted when the contractual language is clear and unambiguous).

Moreover, Lyon's Motion also asks the Court to compel production of documents that Rayfield does not have. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the party making the request for production is only entitled to view the documents in the other party's "possession, or control of the party upon whom the request is served." Rayfield's Response to Lyon's Document Requests, which stated any non-privileged documents responsive to the request would be produced at a later date, is not in conflict with the position stated in its 19 August 2011 letter to Lyon that it had already provided all documents that were responsive to the interrogatory. Rather, Rayfield's Vice President informed its counsel he was checking additional areas to see if any other documents might be available, and in the interim, between Plaintiff submitting its responses to Lyon's document requests and its 19 August 2011 letter, Rayfield's Vice President informed counsel he had indeed provided all documents in the company's possession and/or control. Further, since Lyon filed its Motion, Rayfield has provided to Lyon's counsel a Verification for its Interrogatory responses.

Lyon also asserts in its Motion that Rayfield failed to provide a privilege log relating to its objections to providing certain documentation protected by the attorney-client and/or work

product protections. This assertion is inaccurate. Rayfield employed separate counsel at the firm of Arnall, Golden, Gregory ("AGG") in Atlanta, Georgia, for the negotiation, review and execution of the Agreement for the lease and management of the Aircraft with Lyon. However, AGG was not part of this litigation. Consequently, Lyon served a subpoena for production of documents on AGG for all documents relating to the negotiation and execution of the Agreement. AGG provided all non-privileged documents along with a privilege log. *See* Exhibit 2, AGG's responses to Lyon's subpoena, which are incorporated by reference. As such, there was no need for Rayfield's current counsel to duplicate what had already been provided. *See* Fed. R. Civ. Pro. 26 ("frequency or extent of use of the discovery methods set forth in section (a) shall be limited by the court if it determines (i) the discovery sought is . . . duplicative[.]") Accordingly, Lyon has been provided with a privilege log, and to require another privilege log from Rayfield for the same materials would be duplicative. In addition, there were no responsive documents in Rayfield's possession or control, aside from those that were already produced.

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, a party may only obtain discovery that is "relevant to the subject matter of the pending action" that is not privileged. "Information sought in discovery must be 'germane' to the subject matter of the action. [T]he scope of discovery . . . is not unlimited, [therefore,] the basic touchstone is always relevance to the subject matter." *Parsons v. Jefferson-Pilot Corporation, et. al.,* 141 F.R.D. 408, 414 (M.D.N.C. 1992) (internal citations omitted). Therefore, discovery of a matter not "reasonably calculated to lead to the discovery of admissible evidence" is not within the scope of Rule 26 (b)(1). *Id.* Further, "the subject matter of the litigation is defined by the pleadings of the parties." *Id*.

Rayfield hereby responds to Lyon's specific requests as follows:

a. Lyon's Document Request No. 10: Lyon requested all documents relating to communications of any kind between Rayfield and (a) Lyon, or (b) any other person or entity, relating to the negotiation, drafting or execution of the Agreement. As noted above, Rayfield's counsel (AGG) at the time the contract was negotiated and entered into, produced all non-privileged documents to Lyon concerning this matter, as well as a privilege log for those documents omitted. Therefore, all responsive documents have already been produced, and there is no basis for a claim of omission here. *See, e.g., Pope v. Ungerer & Co.*, 49 F.R.D. 300, 303 (N.D. Ga. 1969) (holding court did not order production of documents where said documents were already in the possession of, or reasonably accessible to, party seeking production).

Further, Section 16.8 of the Agreement provides "[t]his Agreement constitutes the entire agreement between the parties regarding the lease of the Aircraft, and supersedes all prior oral or written agreements or understandings regarding this subject matter. *See* Plaintiff's Exhibit 1. Further, when a written contract is intended to be the final expression of the parties' agreement, the parol evidence rule bars the introduction of evidence of prior or contemporaneous verbal agreements that vary the written terms of the agreement. *Borden, Inc. v. Brower*, 199 S.E.2d 414, 418 (N.C. 1973). Accordingly, because the matters asserted in the Complaint are based upon the executed Agreement, and because the Agreement contains an "entire agreement" clause, documents evidencing any negotiations, drafts, or matters related to the Agreement's execution would not

lead to the discovery of relevant information, as such prior discussions are irrelevant. *See Thompson v. First Citizens Bank & Tr. Co.*, *supra*. Finally, Rayfield has no other documents in its possession related to any other communications with any other party regarding the Agreement besides its counsel; thus there were no other documents to produce. Therefore, there is no merit to Defendant's allegations.

b. Lyon's Document Request Nos. 19 and 22 seek documents related to any agreements or communications Rayfield has had with any other service provider, etc. Rayfield reiterates its objection that such information is not relevant to this case, nor would it reasonably lead to the discovery of relevant information. The subject matter of this lawsuit, which arises from the Lease and Management Agreement between the parties, is for an accounting of the income and expenses Lyon generated in its operation of the Aircraft, a determination as to whether the deductions taken by Lyon from Charter Revenues due to Rayfield, were appropriate, and for a recovery of any monies Lyon may have improperly deducted from the Charter Revenues. Accordingly, this action has nothing to do with Rayfield's prior relationships with any other service provider. Therefore, there is no probative value of any of the information sought by Lyon, and therefore this information is not discoverable. *Id.*; *see also WWP, Inc. v. Wounded Warriors Family Support, Inc.,* 628 F.3d 1032, 1039 (8th Cir. 2011) (quoting Fed. R. Civ. P. 26(b)(2)(C)(iii)). This agreement constitutes the "entire agreement" between the parties. Plaintiff has not asserted the agreement is ambiguous, nor has Defendant asserted any such claim in its Answer. As the

agreement is not ambiguous, there is no probative value to any of the information sought by Lyon. As such, this information is not discoverable.

c. Lyon's Document Request No. 25: Lyon seeks documents related to any financing or re-financing of the Aircraft, as well as documents evidencing Rayfield's ownership of the Aircraft. Rayfield reiterates its objection that whether there is any financing or re-financing in place for the Aircraft, as well as the issue of ownership of the Aircraft is neither relevant nor reasonably calculated to lead to the discovery of relevant and/or admissible evidence. Lyon maintains these documents are relevant to Rayfield's "true motivation in initiating a baseless lawsuit against Lyon." *See* Defendant's Motion to Compel, ¶ 11.d. Rayfield's motive in this contract action is plainly irrelevant and not discoverable. "[A]s a general rule, a plaintiff's motive for filing suit is not discoverable. The mere fact that a defendant has pleaded a defense of unclean hands does not automatically change this rule." *Parsons v. Jefferson-Pilot Corporation, et. al.,* 141 F.R.D. 408, 414 (M.D.N.C. 1992). "Ultimately, the question of whether a plaintiff's motive for litigating is discoverable, when clean hands is made a defense, is determined by the customary test for that defense: Does the motive of the plaintiff have an immediate and necessary relation to the transaction placed in issue by the plaintiff's request for equitable relief?" *Id*. at 415. In this case, Lyon has asserted in its Answer the defense of "unclean hands." As such, the court must consider the nature of the equitable defenses in order to determine what discovery is germane to them. *Id. See* Plaintiff's Exhibit 3, Defendant's Answer to Complaint. The subject matter of this lawsuit, as determined by the pleadings, is whether the

deductions Lyon took from Rayfield's Charter Revenues were permissible, and supported by backup documentation. Rayfield had nothing to do with the handling of the monies as Lyon took the deductions directly from the revenues it generated on behalf of Rayfield and which were paid directly to Lyon from its charter customer. Rayfield's motive for initiating this lawsuit does not have an immediate and necessary relation to the transactions placed at issue by the suit. Further, Rayfield's motives in filing the complaint, which are not at issue, are only to seek the information it was entitled to from Lyon supporting the deductions Lyon took from Rayfield's Charter Revenues, and for no other purpose. Further, Lyon's requests are irrelevant to the issue of whether Lyon breached its contract with Rayfield, and whether the deductions it took from Rayfield's charter revenues were appropriate. *See Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 951 F. Supp. 1233, 1234 (M.D.N.C. 1996) ("defense of unclean hands is applicable only when the plaintiff seeks an equitable remedy"). Breach of contract is not an equitable claim. Rayfield has an unassailable right to review the documents Lyon asserts it has in its possession to support all of the deductions Lyon made from the charter revenues due to Rayfield. *See* Plaintiff's Exhibit 2, ¶ 4.1. Rather, it is Lyon who has consistently failed to provide documents supporting its large deductions, that are not allowed for anywhere in the Agreement as an appropriate deduction from Rayfield's revenues.

It was Lyon's refusal to produce this information that resulted in Rayfield having to file this lawsuit to secure its right to review the same. It is Rayfield's position Lyon is trying to divert attention away from its own failure to produce the

requested documents for over a year in an order to conceal that it was paying itself monies not provided for under the Agreement. Therefore, such information is not discoverable, and Rayfield's objections were appropriate.

d. Lyon's Document Request No. 26: Lyon's Document Request seeks documents concerning the revenue generated, costs incurred, or profits generated through the operation of the Aircraft for the 2010 and 2011 calendar years. Again, Lyon's basis for its entitlement to this documentation is that it is "probative of Plaintiff's true motivation in initiating a baseless lawsuit against Lyon." *See* Defendant's Motion to Compel, ¶11.d. As stated above, "the plaintiff's motive in bringing suit is not relevant to the subject matter of the litigation and is not a matter for discovery." See *Parsons,* 141 F.R.D. at 414. Further, Rayfield's revenues, costs, or profits generated for the Aircraft for 2010 and 2011, which is after the term of the Agreement at issue, are not relevant, nor likely to lead to discoverable information, as the request is not germane to the subject matter of the action. Lyon, as the lessee and management company for the Aircraft is the one with a duty under the Agreement to produce documents in support of its billings to Rayfield. Again, Rayfield's motivations in filing the lawsuit are not discoverable. No matter Rayfield's financial position, it has a right under the Agreement to seek an explanation from Lyon for the approximately $500,000.00 in deductions it took from Rayfield's Charter Revenues, which are questionable, large round numbers. Moreover, Rayfield filed this lawsuit in good faith; to obtain the information Lyon has continually denied it without the assistance of the Courts. Instead, it is Lyon's financials for these years that are relevant to explain why it

had a motivation to improperly divert revenues from Rayfield. Rayfield is simply asking for the back-up material it is entitled to under the terms of the Agreement, that Lyon continually refuses to provide. Further, despite Lyon's assertion that Rayfield has provided little information as to the alleged damages it suffered, it cannot do so without Lyon properly producing its documents to see what, if any, of the deductions Lyon took from Rayfield's Charter Revenues were appropriate under the terms of the Agreement. Accordingly, the information sought under Lyon's Request No. 26 is not discoverable.

Finally, Lyon's Motion for Sanctions should be denied as Rayfield has produced all documents that were requested, which were in Rayfield's possession, custody or control, and that were not properly objected to by Rayfield. Also, Rayfield's objections to the above-discussed Request for Production of Documents were substantially justified. *See* Fed. R. Civ. P. 37(a)(5)(A).

WHEREFORE, Plaintiff, Rayfield Aviation, LLC respectfully requests that this Court enter an order denying Defendant's Motion to Compel and Motion for Sanctions.

Respectfully submitted, this the 31st day of October, 2011.

SAFRAN LAW OFFICES

*/s/ M. Riana Smith*
M. Riana Smith, NCSB #31802
120 S. Boylan Ave. (27603)
P.O. Box 587
Raleigh, NC 27602
Telephone: (919) 828-1396
Facsimile: (919) 828-7993
rsmith@safranlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Case No. 1:11-cv-274

| | |
|---|---|
| **RAYFIELD AVIATION, LLC,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **LYON AVIATION, INC.,** | ) |
| | ) |
| Defendant. | ) |

**CERTIFICATE OF SERVICE**

I, M. Riana Smith, of Safran Law Offices, hereby certify that I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age; that on the 31st day of October 2011, I served copies of the foregoing Response in Opposition to Defendant's Motion to Compel and Motion for Sanctions by electronic service through the CM/ECF System to:

Eric D. Welsh
Brian R. Weyhrich
Three Wells Fargo Center
401 South Tryon Street, Suite 3000
Charlotte, NC 28202
*Attorneys for Defendant*

This the 31st day of October, 2011

                                                       */s/ M. Riana Smith*
                                                       M. Riana Smith